**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brian John Pardo, | No. CV-23-02507-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Ryan Thornell, et al., | |
| Respondents. | |

Before the Court is Petitioner Brian John Pardo's Petition for Writ of Habeas Corpus. (Doc. 1.) Magistrate Judge James F. Metcalf issued a Report and Recommendation ("R&R"), recommending that each claim in the Petition be denied. (Doc. 78 at 45.) The R&R also recommends that a certificate of appealability not be issued. (*Id.*) Petitioner timely filed objections to the R&R. (Doc. 85.) Respondent filed a response to Petitioner's objections. (Doc. 86.)

## I.

The R&R recounts the factual and procedural history of this case, including the underlying state court proceedings. (Doc. 78 at 1-11.) Petitioner does not object to the R&R's description of the factual and procedural history in this case. (Doc. 85.) The Court accepts and adopts the R&R's factual and procedural description. *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc).

## II.

In reviewing an R&R, this Court "may accept, reject, or modify, in whole or in part,

the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). But district courts are not required to conduct "any review at all . . . of any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "[T]he district judge must review the magistrate judge's findings and recommendations de novo *if objection is made*, but not otherwise." *Reyna-Tapia*, 328 F.3d at 1121 (emphasis in original). This de novo review requirement applies to "the portions of the [Magistrate Judge's] recommendations to which the parties object." *Klamath Siskiyou Wildlands Ctr. v. U.S. Bureau of Land Mgmt.*, 589 F.3d 1027, 1032 (9th Cir. 2009). Such objections must be "specific." Fed. R. Civ. P. 72(b)(2).

### III.

Petitioner raises several objections to the R&R. (Doc. 85.) None have merit, so the Court will overrule them and accept the R&R.

### A.

Petitioner objects to the R&R's conclusion that Ground 1A should be denied. (Doc. 85 at 3-15.) Ground 1A of the Petition asserts that Petitioner was not given a full and fair opportunity to litigate his suppression claim under the Fourth Amendment. (Doc. 1 at 14-15.) The R&R concluded that Ground 1A is procedurally defaulted because Petitioner was given an opportunity for "full and fair" litigation of his Fourth Amendment claim. (Doc. 78 at 15.)

Petitioner argues that *Stone v. Powell*, 428 U.S. 465 (1976) does not bar consideration of his suppression claim in these habeas proceedings. (*Id.* at 7-15.) *Stone* provides that "where the State has provided an opportunity for full and fair litigation of a Fourth Amendment claim, the Constitution does not require that a state prisoner be granted federal habeas corpus relief on the ground that evidence obtained in an unconstitutional search or seizure was introduced at his trial." 428 U.S. at 482.

Petitioner first contends he did not have a full opportunity to litigate his suppression claim because the state court did not hold an evidentiary hearing. (Doc. 85 at 7-15.) The absence of an evidentiary hearing is insufficient alone to demonstrate that there was no full

and fair opportunity to litigate. *See Mack v. Cupp*, 564 F.2d 898, 901 (9th Cir. 1977); *see also O'Berry v. Wainwright*, 546 F.2d 1204, 1213 (5th Cir. 1977) ("Where, however, the facts are undisputed, and there is nothing to be served by ordering a new evidentiary hearing, the full and fair consideration requirement is satisfied."). While Petitioner repeatedly asserts that the state court did not use the correct "mechanism" to resolve the purported factual dispute, Petitioner does not demonstrate the existence of a factual dispute or material evidence that could be raised at an evidentiary hearing. (*See* Doc. 85 at 7-9.); *see also* 28 U.S.C. § 2254(e)(2) (requiring, for an evidentiary hearing to be held, a "new rule of constitutional law" or a "factual predicate that could not have been previously discovered through the exercise of due diligence," and the "facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense"). Petitioner has not shown that the state court's failure to hold an evidentiary hearing deprived Petitioner of the opportunity to litigate his claim.

Petitioner also alleges that Judge James B. Morse, Jr., the Arizona Court of Appeals judge who wrote the opinion on Petitioner's direct appeal, was an Assistant United States Attorney that investigated the facts in this case. (*Id.* at 13-14.) But Petitioner provides no evidence to support Judge Morse's direct involvement in Petitioner's case and discovery is precluded on the topic. (*See* Doc. 44.)

Petitioner argues that the state misapplied *State v. Gulbrandson*, 184 Ariz. 46 (1995) and *Murray v. United States*, 487 U.S. 533 (1988). (Doc. 85 at 3-7.) He also raises novel theories as to why he should have prevailed on his claim. (*See* Doc. 85 at 7-14.) These arguments do not address the R&R's basis for denying Ground 1A—that Petitioner had the opportunity to raise the basis for these arguments in state court. Because the R&R's conclusion as to procedural default is sufficient alone to bar Ground 1A, the Court need not address the arguments that do not address procedural default. *See Thomas*, 474 U.S. at 149 (1985).

Petitioner's objections to the R&R's conclusion that Ground 1A is procedurally

defaulted are overruled.

**B.**

Petitioner contends that *Briggs v. Raines*, 652 F.2d 862 (9th Cir. 1981) applies, thus requiring "the district court to try to reconstruct from the state records the missing facts." (Doc. 85 at 22-23.) Petitioner requests to hold an evidentiary hearing based on this argument. (*Id*. at 23.) Because Petitioner had not raised this argument to the magistrate judge, the Court will not consider it. *See United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000) (holding that a district court may decline to consider new allegations presented for the first time in objections). This objection is overruled.

**C.**

The balance of Petitioner's objections attempt to relitigate the merits of his Petition, rather than address the R&R's conclusion.

Petitioner does not address the R&R's conclusion that Grounds 1B, 1C, and 2A are procedurally defaulted. (*See* Doc. 78 at 45.) Instead, he seeks to relitigate the substance of his Fourth Amendment claim. (Doc. 85.) Petitioner has therefore conceded that the R&R's determination as to the procedural default of Grounds 1B, 1C, and 2A is correct.

Petitioner's objections do not challenge the conclusion that Petitioner's ineffective assistance of trial counsel (Ground 2B) is procedurally defaulted. Nor does Petitioner engage with the R&R's bases for its conclusion that Petitioner's claim of ineffective assistance of appellate counsel (Ground 2C) fails. As to these grounds, he does not challenge the determination that Petitioner did not show that his appellate counsel was ineffective for raising only a suppression claim and that Petitioner's *Brady* claim is meritless. (*See* Doc. 78 at 41-44.) Petitioner therefore concedes that the R&R's conclusion that Grounds 2B and 2C should be denied is correct.

Petitioner does not object to the R&R's conclusion that Grounds 1D and 2D are not barred by 28 U.S.C. § 2254(i), so the Court will adopt the R&R's findings as to these grounds.

Having overruled all of Petitioner's objections to the R&R, the Court will accept

and adopt the R&R's recommendation to deny all grounds of the Petition (Doc. 1.).

**IV.**

**IT IS THEREFORE ORDERED** that Petitioner's objections (Doc. 85) are **OVERRULED**, and the Report and Recommendation (Doc. 78) is **ACCEPTED** and **ADOPTED**.

**IT IS FURTHER ORDERED** that the following claims in Petitioner's Petition for Writ of Habeas Corpus (Doc. 1) are **DISMISSED** with prejudice:

1.    Ground 1A (exclusion of apartment search) as not cognizable under *Stone v. Powell*;

2.    Grounds 1D and 2D (PCR counsel ineffectiveness) as not cognizable under § 2254(i);

3.    Alternatively, Ground 1A (exclusion of apartment search regarding motivation) as procedurally defaulted;

4.    Grounds 1B (trial counsel ineffectiveness regarding Ground 1A), 1C (appellate ineffectiveness regarding Ground 1A), and 2B (trial counsel ineffectiveness regarding *Brady*) as procedurally defaulted;

5.    Ground 2A (*Brady*) as procedurally barred on independent and adequate state grounds.

**IT IS FURTHER ORDERED** that the remainder of the Petition (Doc. 1), including Ground 2C (appellate ineffectiveness regarding *Brady*) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that Petitioner's request for the issuance of a certificate of appealability is **DENIED** because jurists of reason would not find this Court's ruling debatable, *see Slack v. McDaniel*, 529 U.S. 473, 484 (2000), and Petitioner has not made a substantial showing of the denial of a constitutional right, *see* 28 U.S.C. § 2253(c)(2).

. . . .

. . . .

. . . .

**IT IS FINALLY ORDERED** directing the Clerk of Court to enter judgment and terminate this case.

Dated this 12th day of June, 2026.

Michael T. Liburdi
United States District Judge